UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONDELL CHAMBERS,<br>  *Petitioner*, | )   3:23-CV-877 (SVN)<br>)<br>) |
| v. | )<br>) |
| UNITED STATES,<br>  *Respondent*. | )<br>)   June 20, 2025 |

**RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE &
PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2255**

Sarala V. Nagala, United States District Judge.

In this habeas corpus action brought under 28 U.S.C. § 2255, Petitioner Rondell Chambers, a sentenced individual who has completed his term of incarceration,[1] seeks reinstatement of his right to appeal his federal conviction or, in the alternative, for an evidentiary hearing. Pet., ECF No. 1; Pet'r Mem., ECF No. 24. He argues that his former trial counsel, now Judge Moira Buckley of the Connecticut Superior Court, was constitutionally ineffective for allegedly failing to consult with him about filing a notice of appeal. For the reasons that follow, the Court DENIES Petitioner's motion to vacate, set aside, or correct his sentence and his alternative request for an evidentiary hearing.

**I.   BACKGROUND**

   A.   Underlying Criminal Proceedings

On October 17, 2020, Petitioner, a convicted felon, was arrested by the Hartford Police Department and was found to be in possession of a black Bersa Firestorm .40 caliber semi-

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Petitioner was sentenced to 33 months' incarceration, to be followed by three years of supervised release. *See* Judgment, *United States v. Chambers*, No. 3:20-cr-233 (SVN) (hereafter "Criminal Case"), ECF No. 125. He began his term of supervised release on September 11, 2024. *See* Am. Probation Form 12C Pet., Criminal Case, ECF No. 175.

automatic handgun with a magazine inserted and a live .40 round in the chamber. Resp't Mem., ECF No. 25 at 1 (citing documents from underlying criminal case). A federal grand jury indicted Petitioner for one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.*; *see also* Indictment, Criminal Case, ECF No. 1. Then-Attorney Moira Buckley,[2] who was an Assistant Federal Public Defender at the time, represented Petitioner during the pendency of his criminal case. ECF No. 25 at 2. On May 27, 2022, Petitioner pleaded guilty to the one-count indictment. *Id.*; *see also* Minute Entry, Criminal Case, ECF No. 102. As part of the plea agreement, Petitioner agreed to waive his right to appeal or collaterally attack any sentence that did not exceed 37 months of imprisonment. Plea Agreement at 6, Criminal Case, ECF No. 105.

On September 22, 2022, Petitioner was sentenced to a term of 33 months of imprisonment and three years of supervised release. *See* Judgment, Criminal Case, ECF No. 125. At sentencing, the Court advised Petitioner of his appeal rights and his ability to file a notice of appeal, explicitly informing him that he "must do so within 14 days of the date the judgment is recorded on the document" and that he may do so by either contacting Attorney Buckley to file the notice of appeal or by filing it himself if Attorney Buckley were unwilling to file on his behalf. Sentencing Tr. at 3–4, Criminal Case, ECF No. 133. The Court also instructed Petitioner that should he file the appeal *pro se*, "it will be [his] responsibility to complete the paperwork and either file it [him]self or afford the Clerk sufficient time to file it on time." *Id.*

No notice of appeal was filed, either *pro se* or by counsel, although Attorney Buckley did file one post-sentencing motion on Petitioner's behalf on September 30, 2022. *See* ECF No. 25 at 2–3; *see also* Mot. to Modify Conditions of Release, Criminal Case, ECF No. 127. Attorney

---

[2] For purposes of the ruling, the Court will refer to Judge Buckley as "Attorney Buckley," which is the position she held at the time of the relevant events.

Buckley also filed two more post-sentencing motions related to conditions of release and extension of the self-surrender date, on November 4 and 7, respectively, on Petitioner's behalf. *See* ECF No. 25 at 3; Criminal Case, ECF Nos. 129, 130. Petitioner began serving his federal sentence in November of 2022. ECF No. 25 at 3.

B. Procedural Background

On June 29, 2023, Petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in which he challenges his sentence due to ineffective assistance of counsel on two grounds. *See* ECF No. 1 at 2–3.

First, he argued that Attorney Buckley failed to raise at sentencing and on direct appeal that the United States Supreme Court held in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and the Third Circuit held in *Range v. Attorney General*, 69 F.4th 96 (2023) (en banc), *vacated sub nom.*, *Garland v. Range*, 144 S. Ct. 2706 (2024) (mem.), that application of 18 U.S.C. § 922(g)(1) to "persons not convicted of a violent crime [was] deemed unconstitutional under the Second Amendment." *Id.* at 2. Petitioner alleged that he had no prior violent convictions and that he asked Attorney Buckley to raise the *Bruen* issue on direct appeal. *Id.* Second, he argued that Attorney Buckley allegedly "duked" him into signing an untruthful affidavit that admitted certain evidence belonged to him, even though it did not. *Id.* at 3.

The Government responded to the motion on August 29, 2023, requesting that the Court consider accepting sworn testimony and/or holding an evidentiary hearing to determine if and when Petitioner had instructed Attorney Buckley to file a notice of appeal on his behalf. Resp't Initial Resp., ECF No. 5 at 2–3 (first citing *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006); and then *Carranza v. United States*, 794 F.3d 237 (2d Cir. 2015)). The Government also

3

recommended that the Court consider appointing new defense counsel for these proceedings. *Id.* at 3.

On November 22, 2023, the Court held that an evidentiary hearing was warranted even though Petitioner failed to include a sworn affidavit with his motion, and appointed Attorney W. Theodore Koch III to represent Petitioner for purposes of the evidentiary hearing, as Attorney Koch was already representing Petitioner for purposes of a motion for sentence reduction in a related criminal action. *See* Order, ECF No. 11. In advance of the evidentiary hearing scheduled for March 21, 2024, the Government submitted an affidavit from Attorney Buckley, in which she attested that Petitioner "did not request that [she] file a notice of intent to appeal or an appeal on his behalf" and that if he "had requested that [she] file a notice of intent to appeal to challenge either his guilty plea or sentence, or any other issue, [she] would have counseled him on the merits or lack thereof, and after discussion, if he had instructed [her] to file the notice of intent to appeal, [she] would have done so." Resp't Suppl. Resp., ECF No. 14 at 5; Buckley Aff., ECF No. 14-1 ¶¶ 15, 17. Due to the statements in the affidavit, the Government argued that no evidentiary hearing was necessary. ECF No. 14 at 2. The Court opted to proceed with an evidentiary hearing. *See* Order, ECF No. 15.

But the evidentiary hearing did not go forward as scheduled on March 21, 2024, as the Bureau of Prisons ("BOP") was unable to produce Petitioner over Zoom. *See* Order, ECF No. 18. On March 27, 2024, the parties filed a joint status report informing the Court that they "determined that the most expeditious way forward is for [Attorney Koch] to assist Mr. Chambers in creating an affidavit," which "may obviate the need for a hearing, but in any event, should clarify what (if any) factual dispute remains." Joint Status Report, ECF No. 19 at 1. The parties recommended submitting briefing on the issues of the § 2255 petition and, possibly, a dispositive hearing. *See*

4

*id.* The Court agreed and set a schedule for Petitioner's affidavit and the parties' briefing. *See* Order, ECF No. 20.

In his affidavit submitted through counsel, Petitioner admitted the majority of the allegations in Attorney Buckley's affidavit, except he disputed her claims that a discussion about an appeal never occurred. Pet'r Aff., ECF No. 23-1. Petitioner attested that he "did in fact request that Attorney Buckley file a notice of intent to appeal or an appeal on [his] behalf, and [he] did so almost immediately after [his] sentencing, and certainly within 14 days." *Id.* ¶ 15. He also claimed that they discussed a *Bruen* appeal within 14 days of his sentencing, and that Attorney Buckley advised him that, "in her opinion, a *Bruen* appeal would be meritless" but failed to advise him that "despite her view of the merits of a *Bruen* appeal, she would nevertheless file a notice of appeal if [he] insisted she do so." *Id.* ¶ 17. Petitioner states he was unaware that he could insist that Attorney Buckley file an appeal because she did not inform him of that right. *Id.* Thus, he "did not insist that she file the notice of appeal, despite [his] desire to pursue the issue on appeal." *Id.*

Petitioner also filed a memorandum in support of his § 2255 petition through his counsel, which seeks reinstatement of his right to appeal his federal conviction or, in the alternative, an evidentiary hearing pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). *See* ECF No. 24 at 5. The Government has responded to that memorandum. *See* ECF No. 25.

On September 11, 2024, Petitioner was released from BOP custody, at which time he began his supervised release.[3] *See* Criminal Case, ECF No. 175. As of the date of this ruling, Petitioner remains on supervised release. *Id.*

---

[3] A search on the publicly available BOP website under the inmate search function using Petitioner's name shows that he was no longer in BOP custody as of September 11, 2024. *See* https://www.bop.gov/inmateloc/.

## II.  LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may petition a federal court to vacate, set aside, or correct his sentence. To obtain relief under § 2255, a petitioner must demonstrate "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 1995). A petitioner in a § 2255 proceeding bears the burden of proof by a preponderance of the evidence. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

A defendant alleging ineffective assistance of counsel must show that the counsel's performance was (1) "deficient" according to "an objective standard of reasonableness," and (2) "prejudicial," meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thomas v. United States*, 93 F.4th 62, 65 (2d Cir. 2024) (*per curiam*) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 692–94 (1984)). Where a defendant accuses his trial counsel of failing to file a notice of appeal, "the usual *Strickland* analysis turns on the specific interactions between the lawyer and the defendant." *Id.* "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and the failure to file entitles the defendant to a new appeal regardless of the merit of the appeal. *Flores-Ortega*, 528 U.S. at 477 (first citing *Rodriquez v. United States*, 395 U.S. 327 (1969); and then *Peguero v. United States*, 526 U.S. 23, 28 (1999)). If the defendant has not clearly conveyed that he wishes to file an appeal, the question of counsel's deficient performance turns on whether counsel consulted with the defendant about an appeal. *Id.* at 478. When a defendant can show that counsel's error resulted in "the forfeiture

of a proceeding itself," then, "prejudice will be presumed." *See Campusano*, 442 F.3d at 773 (citing *Flores-Ortega*, 528 U.S. at 477, 483–84).

Pursuant to 28 U.S.C. § 2255(b), "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." This does not mean that a district court must automatically grant a full evidentiary hearing for nonfrivolous claims, however; rather, "the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the [defendant]" and "does not strip the district courts of all discretion to exercise their common sense." *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A hearing should be held when, after reviewing the record of the underlying criminal action and petitioner's motion accompanied by relevant exhibits in the light most favorable to the petitioner, the district court finds that there are material facts in dispute. *See Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). Nevertheless, it is within the district court's discretion to choose the "middle road" of requesting affidavits and documentary evidence and forgoing a full hearing in order to avoid delay, the needless expenditure of judicial resources, and the burden on trial counsel and the Government. *Chang*, 250 F.3d at 86.

### III. DISCUSSION

For the reasons discussed below, the Court denies Petitioner's motion and request for an evidentiary hearing.

As an initial matter, because Petitioner is currently serving a term of supervised release, he is still "in custody" for purposes of Section 2255, and this Court retains jurisdiction over the

7

petition. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (holding that a "petitioner under supervised release may be considered 'in custody'").

Turning to the *Strickland* analysis, the Court first finds that Attorney Buckley's performance did not fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Petitioner and Attorney Buckley disagree as to whether Petitioner expressly requested that Attorney Buckley file a notice of appeal on his behalf. *Compare* ECF No. 23-1 ¶ 15 ("I did in fact request that Attorney Buckley file a notice of intent to appeal or an appeal on my behalf."), *with* ECF No. 14-1 ¶ 15 ("Mr. Chambers did not request that I file a notice of intent to appeal or an appeal on his behalf."). Nevertheless, Petitioner appears to concede that his request was not unequivocal, as he admits that "[he] did not insist that she file the notice of appeal, despite [his] desire to pursue the issue on appeal," since Attorney Buckley had allegedly advised Petitioner that "a *Bruen* appeal would be meritless." ECF No. 23-1 ¶ 17. By arguing that "the question boils down to whether Attorney Buckley *consulted* with [him] about filing a notice of appeal," ECF No. 24 at 4, Petitioner appears to admit that this is a case where "the defendant has not clearly conveyed his wishes one way or the other." *Flores-Ortega*, 528 U.S. at 478; *see also Thomas*, 93 F.4th at 65 ("If the defendant does not ask the lawyer to file an appeal, the question turns on whether the lawyer has a 'duty to consult' the client under the totality of the circumstances" (quoting *Flores-Ortega*, 528 U.S. at 478–80)). The Court therefore assesses whether Attorney Buckley appropriately consulted with Petitioner about his right to appeal.

Viewing the facts in the light most favorable to Petitioner, the Court finds that Attorney Buckley consulted with Petitioner about an appeal. The term "consult" specifically means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. Although

the record and affidavits do not provide a detailed account of this consultation, Petitioner concedes that Attorney Buckley did advise him that a *Bruen* appeal would be meritless; it is thus clear that Attorney Buckley did "consult" with Petitioner regarding an appeal.[4] *See Rodriguez v. United States*, No. 11 Civ. 6707 (NRB), 2013 WL 3388223, at *11 (S.D.N.Y. July 8, 2013) (finding that an attorney consulted with the defendant about an appeal where the defendant admitted the attorney told him "there was nothing to appeal according to his careful review of the case" (cleaned up)).

"If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478. Here, as Petitioner has admitted that he "did not insist that she file the notice of appeal, despite [his] desire to pursue the issue on appeal," ECF No. 23-1 ¶ 17, it is clear that Petitioner did not specifically instruct Attorney Buckley to file the notice of appeal. Additionally, Petitioner's assertion that he "did not realize that [he] could insist that she file it," is contradicted by the transcript of Petitioner's sentencing hearing. *See Puglisi*, 586 F.3d at 214 ("[A] district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding."). At sentencing, the Court advised Petitioner of his appeal rights—including that, if his counsel was "unwilling to file it on [his]

---

[4] The Court agrees with the Government that Petitioner contradicts himself by alleging both that he and Attorney Buckley did discuss an appeal, during which Attorney Buckley advised him that a *Bruen* appeal would be meritless, but at the same time, arguing "[t]he required consultation was, simply, missed." *See* ECF No. 25 at 10 (quoting ECF No. 24 at 4). It cannot both be true that Attorney Buckley "advised [him] that, in her opinion, a *Bruen* appeal would be meritless," ECF No. 23-1 ¶ 17—*i.e.*, "advis[ed Petitioner] about the advantages and disadvantages of taking an appeal," *Flores-Ortega*, 528 U.S. at 478—and that the consultation never happened at all. Because, however, Petitioner takes particular issue with Attorney Buckley's allegation that she would have filed a notice of appeal if Petitioner had instructed her to do so, *see* ECF No. 24 at 5, it appears that Petitioner may be arguing that Attorney Buckley's consultation was merely deficient in failing to "mak[e] a reasonable effort to discover [Petitioner's] wishes." *Flores-Ortega*, 528 U.S. at 478 (the second part of the Supreme Court's definition of "consult").

behalf, [he] may file one himself"—and he verbally acknowledged that he understood those instructions. *See* Criminal Case, ECF No. 133 at 3–4.

Moreover, Petitioner does not dispute that Attorney Buckley remained in contact with Mr. Chambers and continued to advocate on his behalf after sentencing, including by filing several post-sentencing motions for him. *See* ECF No. 14-1 ¶ 19; ECF No. 23-1 at 1. Nor does he dispute that certain charges in the state criminal action related to the underlying federal criminal action were dropped "based in part on [his] guilty plea and 33-month sentence in federal court." *See* ECF No. 14-1 ¶ 23; ECF No. 23-1 at 1.

Accordingly, the Court does not believe that this is a circumstance where Attorney Buckley "act[ed] in a manner that is professionally unreasonable" because she "disregard[ed] *specific instructions* from [Petitioner] to file a notice of appeal" or failed to consult with him about the possibility of an appeal. *See Flores-Ortega*, 528 U.S. at 477 (emphasis added).

But even assuming that Attorney Buckley did not "consult" with Petitioner, the Court would conclude that Attorney Buckley was not constitutionally obligated to do so. *See id.* at 479. The Supreme Court has explicitly rejected a bright-line rule requiring counsel to always consult with a defendant regarding appeal. *Id.* at 480. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* Courts must look at the totality of the circumstances to make this determination:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for

> as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court [make the proper determination].

*Id.* Moreover, in some cases where "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative so as to substitute for counsel's duty to consult[,] . . . counsel might then reasonably decide that [she] need not repeat that information." *Id.* at 479–80; *see also Thomas*, 93 F.4th at 65.

Here, Petitioner was convicted following a guilty plea, by which he waived his right to "appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 37 months of imprisonment." Criminal Case, ECF No. 105 at 6. At sentencing, the Court explicitly advised Petitioner that he had 14 days from the date of the entry of judgment to appeal his sentence, that he may contact Attorney Buckley to file an appeal on his behalf or he may appeal *pro se* if she were unwilling to do so, and that if he were to file an appeal *pro se*, he was ultimately responsible for completing and filing the paperwork on time. *See* Criminal Case, ECF No. 133 at 3–4. Petitioner then received a sentence within the appellate waiver in the plea agreement, as he was sentenced to 33 months of imprisonment. *See* ECF No. 14-1 ¶¶ 13–14. In sum, even if Attorney Buckley did not consult with Petitioner, she was under no constitutional obligation to do so, considering the sentencing court's clear direction to him concerning his appellate rights and his waiver of appellate rights, given the sentence imposed. The Court therefore holds that Petitioner's claim of ineffective assistance of counsel lacks merit.

Finally, the Court concludes that a hearing is not necessary to resolve Petitioner's motion, as the record was supplemented by affidavits from Attorney Buckley and Petitioner. *See Chang*, 250 F.3d at 85 (holding that the trial court's dismissal of § 2255 petition was sufficiently supported, even without an evidentiary hearing, by submission of a "detailed affidavit from trial counsel

credibly describing the circumstances"); *Thomas*, 93 F.4th at 66 ("In many cases, the district court may discharge this obligation by accepting affidavits from the defendant's prior counsel."). Although the affidavits dispute whether a consultation had occurred, the Court "has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing." *See Chang*, 250 F.3d at 85–86 (quoting *Luse v. United States*, 326 F.2d 338, 339–40 (10th Cir. 1964)). The Court has found, regardless of whether the consultation did happen, that Attorney Buckley was not constitutionally ineffective in her failure to file a notice of appeal on Petitioner's behalf. As a result, Petitioner's request for an evidentiary hearing is denied.

IV. **CONCLUSION**

For the reasons described herein, the Court DENIES Petitioner's motion to vacate, set aside, or correct sentence, ECF No. 1, and Petitioner's request for an evidentiary hearing.

The Clerk is directed to close this case.

**SO ORDERED** at Hartford, Connecticut, this 20th day of June, 2025.

 /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE